United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE FLORES, individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK AS TRUSTEE FOR BAYVIEW ) <br> FINANCIAL MORTGAGE PASS-THROUGH ) <br> TRUST 2007-A MORTGAGE PASS-THROUGH ) <br> CERTIFICATES, SERIES 2007-A; ) <br> BAYVIEW LOAN SERVICING, LLC; JLM ) <br> CORPORATION; MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEMS, INC; and ) <br> DOES 1 through 100, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 12-5749-SC <br><br> ORDER DISMISSING CASE |

On November 8, 2012, Plaintiff Irene Flores ("Plaintiff") filed a federal complaint against U.S. Bank; Bayview Loan Servicing, LLC; JLM Corporation ("JLM"); Mortgage Electronic Registration Systems, Inc.; and one hundred unnamed Does (collectively, "Defendants"). ECF No. 1 (Compl.). The complaint asserts nine claims based exclusively on state law and challenges Defendants' right to foreclose on a mortgage taken out on Plaintiff's home. On November 12, 2012, Plaintiff filed an ex parte application for a temporary restraining order halting the foreclosure sale planned for November 15, 2012. ECF No. 5 ("TRO App.").

Plaintiff avers that this Court has diversity jurisdiction over her case. Compl. ¶¶ 3-4. However, her complaint reflects otherwise. Plaintiff alleges that she is a California resident. Id. ¶ 5. Plaintiff further alleges that Defendant JLM is a California corporation with its corporate headquarters located in Santa Ana, California. Id. ¶ 8. Accordingly, the requirement of complete diversity is not satisfied. See 28 U.S.C. § 1332(a)(1), (c)(1); Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001) (citing Wisconsin Dept. of Corr. v. Schacht, 524 U.S. 381, 388 (1998); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").

Accordingly, the Court hereby DISMISSES this case for lack of subject-matter jurisdiction. Because the Court lacks jurisdiction over this case, it does not reach Plaintiff's TRO application.

IT IS SO ORDERED.

Dated: November 13, 2012

UNITED STATES DISTRICT JUDGE